147 P.3d 836

In the Matter of WATER USE PERMIT APPLICATIONS, PETITIONS FOR IN-TERIM INSTREAM FLOW STAN-DARD AMENDMENTS, and Petitions for Water Reservations for the Waiāhole Ditch Combined Contested Case Hearing.

No. 28108.

Supreme Court of Hawai'i.

Nov. 29, 2006.

PER CURIAM.[1]

This is an appeal from a decision and order of the Commission on Water Resource Management (Water Commission). The appeal was filed after the July 1, 2006 effective date of Act 202, 2004 Hawai'i Session Laws (Act 202) that changed the jurisdiction of the supreme court and the intermediate appellate court.

We hold that pursuant to Hawai'i Revised Statutes (HRS) §§ 602–57(1) (Supp.2005) and 602–5(a)(1) (Supp.2005), quoted *infra*, jurisdiction to hear and determine appeals from the Water Commission, filed after July 1, 2006, is with the intermediate appellate court, subject to review by the supreme court by transfer or certiorari.

## I. *Background*

This appeal arises from the Water Commission's combined contested case hearing on applications and petitions concerning use of water from the Waiāhole Ditch system. On December 24, 1997, the Water Commission issued its final decision and order in the combined contested case hearing. On appeal of that decision and order, we partly affirmed and partly vacated the decision and remand-ed seven issues for further findings and con-clusions. *In re Use Permit Applications,* 94 Hawai'i 97, 9 P.3d 409 (2000). On remand, the Water Commission determined the seven issues and issued on December 28, 2001 its findings of fact and decision and order. On appeal of that decision and order, we partly affirmed and partly vacated the decision and remanded six issues for further findings and conclusions. *In re Use. Permit Applications,* 105 Hawai'i 1, 93 P.3d 643 (2004). On second remand, the Water Commission determined the six issues and issued on July 13, 2006 its

1. Considered by: Moon, C.J., Levinson, Nakaya-ma, Acoba, and Duffy, JJ.

findings of fact, conclusions of law, and decision and order.

Notices of appeal from July 13, 2006 decision and order were timely filed in the instant case on August 11, 2006 by appellants Hakipu'u 'Ohana and Ka Lahui Hawai'i and appellant Hawai'i's Thousand Friends. The appeals were filed pursuant to HRS § 174C–60 (1993),[2] which authorizes an appeal of the Water Commission's final decision and order in a contested case. The appeals were docketed in the appellate court on October 10, 2006 and were docketed in the supreme court rather than in the intermediate appellate court because HRS § 174C–60 (1993) provides for an appeal "to the supreme court."

## II. *Discussion*

■ "The [supreme court and the intermediate appellate court] shall have original and appellate jurisdiction as provided by law[.]" Hawai'i Constitution, article VI, section 1. Before July 1, 2006, the supreme court, pursuant to HRS § 602–5(a)(1) (1993), and the intermediate appellate court, pursuant to HRS § 602–57 (1993), had concurrent appellate jurisdiction to hear and determine "any appeal allowed by law from any other court or agency." Effective July 1, 2006, the intermediate appellate court, pursuant to HRS § 602–57(1) (Supp.2005),[3] retains appellate jurisdiction to hear and determine any appeal allowed by law, but the supreme court, pursuant to HRS § 602–5(a)(1) (Supp.2005),[4] has appellate jurisdiction to hear and determine appeals only "by application for a writ of certiorari to the intermediate appellate court or by transfer as provided by [HRS § 602–58 (Supp.2005) ]." The change in appellate juris-

**2.** HRS § 174C–60 (1993) provides:

**Contested cases.** Chapter 91 shall apply except where it conflicts with this chapter. In such a case, this chapter shall apply. Any other law to the contrary notwithstanding, including chapter 91, any contested case hearing under [the State Water Code] shall be appealed upon the record directly to the supreme court for final decision.

**3.** HRS § 602–57 (Supp.2005) provides:

**Jurisdiction.** *[Section effective July 1, 2006. For section effective until June 30, 2006, see main volume.]* Notwithstanding any other law to the contrary, the intermediate appellate court shall have jurisdiction, subject to transfer as provided by section 602–58 or review on application for a writ of certiorari as provided in section 602–59:
(1) To hear and determine appeals from the district, family, and circuit courts and from any agency when appeals are allowed by law; and
(2) To entertain, in its discretion, any case submitted without suit when there is a question of law that could be the subject of a civil action or proceeding in the circuit court, or tax appeal court, and the parties agree upon the facts upon which the controversy depends.

**4.** HRS § 602–5 (Supp.2005) provides:

**Jurisdiction and powers; filing.** *[Section effective July 1, 2006. For section effective until June 30, 2006, see main volume.]* (a) The supreme court shall have jurisdiction and powers as follows:
(1) To hear and determine all questions of law, or of mixed law and fact, which are properly brought before it by application for a writ of certiorari to the intermediate appellate court or by transfer as provided in this chapter;
(2) To answer, in its discretion, any question of law reserved by a circuit court, the land court, or the tax appeal court, or any question or proposition of law certified to it by a federal district or appellate court if the supreme court shall so provide by rule;
(3) To exercise original jurisdiction in all questions arising under writs directed to courts of inferior jurisdiction and returnable before the supreme court, or if the supreme court consents to receive the case arising under writs of mandamus directed to public officers to compel them to fulfill the duties of their offices; and such other original jurisdiction as may be expressly conferred by law;
(4) To issue writs of habeas corpus, or orders to show cause as provided by chapter 660, returnable before the supreme court or a circuit court, and any justice may issue writs of habeas corpus or such orders to show cause, returnable as above stated;
(5) To make or issue any order or writ necessary or appropriate in aid of its jurisdiction, and in such case, any justice may issue a writ or an order to show cause returnable before the supreme court; and
(6) To make and award such judgments, decree, orders and mandates, issue such executions and other processes, and to such other acts and take such other steps as may be necessary to carry into effect the powers which are or shall be given to it by law for the promotion of justice in matters before it.
(b) All cases addressed to the jurisdiction of the supreme court or of the intermediate appellate court shall be filed with the clerk of the supreme court as proved by the rules of court. The clerk shall maintain the record of each case whether addressed to the jurisdiction of the supreme court or the jurisdiction of the intermediate appellate court.

diction was effected by Act 202. The purpose of Act 202 was

to change the appellate structure of the state courts to require appeals from the circuit courts and decisions of administrative agencies to be heard by the intermediate appellate court. Under [Act 202], the Supreme Court will retain original jurisdiction only in certain cases and, in all other cases, will hear appeals only upon acceptance of a writ of certiorari or transfer application from the intermediate appellate court.

Hse. Stand. Comm. Rep. No. 672–04, in 2004 House Journal, at 1667. *See also* Sen. Stand. Comm. Rep. No. 2939, in 2004 Senate Journal, at 1461 (the purpose of Act 202 is "to require that all appeals from trial courts and administrative agencies be submitted to the Intermediate Court of Appeals, subject to review by the Supreme Court through [ ] transfer or application for a writ of certiorari"); Sen. Stand. Comm. Rep. No. 3131, in 2004 Senate Journal, at 1562 (Act 202 amends the appellate process "[b]y assigning all appeals from the district, family, and circuit courts, civil and criminal, and any agency when appeals are allowed by law to the Intermediate Appellate Court").

Act 202 amended the jurisdictional statutes for the supreme court and the intermediate appellate court (HRS §§ 602–5 and 602–57, *see supra* notes 3 and 2) as described above and further amended fifty-three HRS sections [5] that authorize appeals from courts and agencies. Those sections, before amendment, authorized appeals from courts and agencies "to the supreme court" and were amended to authorize appeals from courts and agencies "to the intermediate appellate court", not to the supreme court, in accordance with Act 202. The fifty-three sections supposedly included all HRS sections authorizing appeals from courts and agencies, but—as we learned when this appeal was docketed—did not include HRS § 174C–60

(1993) that authorizes an appeal from a Water Commission case "to the supreme court."

An appeal from the Water Commission is an appeal from an administrative agency for which jurisdiction lies with the intermediate appellate court pursuant to Act 202 and HRS § 602–57(1) (Supp.2005). In enacting Act 202, the legislature undoubtedly intended Water Commission appeals to be heard and determined by the intermediate appellate court, subject to review by the supreme court by transfer or certiorari. In enacting Act 202, the legislature's failure to amend HRS § 174C–60 (1993) to authorize an appeal to the intermediate appellate court rather than to the supreme court was clearly an oversight. The fact that HRS § 174C–60 (1993) authorizes an appeal to the supreme court does not place Water Commission appeals, filed after July 1, 2006, within the jurisdiction of the supreme court. Jurisdiction to hear and determine Water Commission appeals filed after July 1, 2006 is governed by the jurisdictional statutes for the supreme court and the intermediate appellate court, HRS §§ 602–5 and 602–57, as amended by Act 202. HRS § 174C–60 (1993) is inconsistent with those jurisdictional statutes. The inconsistency is resolved by the provision of HRS § 602–57(1) (Supp.2005) that states that "notwithstanding any other law to the contrary," the intermediate appellate court has jurisdiction over appeals from "any agency."

Pursuant to the principle of statutory construction of amendment by implication, the legislature will be held to have changed a law that it did not have under consideration while enacting a later law when "the terms of the subsequent act are so inconsistent with the provisions of the prior law that they cannot stand together." 1A Norman J. Singer, *Statutes and Statutory Construction*, § 22:13 (6th ed.2002). HRS § 174C–60 (1993) is inconsistent with and cannot stand together with HRS §§ 602–5 and 602–57, as

5.  HRS §§ 11–51, 40–91, 47–46, 53–6, 91–14, 101–34, 101–52, 124A–105, 128–24, 196D–5, 201G–57, 201G–58, 232–1, 232–19, 232–22, 232–23, 235–114, 261–13, 269–15, 269–15.5, 269–54, 271–27, 271–32, 271–33, 271G–19, 271G–24, 281–92, 286–60, 377–9, 380–10, 383–41, 383–69, 383–76, 386–73, 386–73.5, 386–88, 392–21.5, 392–75, 412:2–501, 431:14–118; 431:14F–113, 482–9, 485–23, 501–63, 571–54, 641–1, 641–11, 641–12, 641–13, 641–17, 664–8, 664–25 and 664–36.

amended by Act 202,[6] and is deemed amended by implication, effective July 1, 2006, to authorize appeals from the Water Commission to the intermediate appellate court, not to the supreme court.

### III. *Conclusion*

Based on the foregoing, we hold that pursuant to HRS §§ 602–57(1) (Supp.2005) and 602–5(a)(1) (Supp.2005), jurisdiction to hear and determine appeals from the Water Commission filed after July 1, 2006 is with the intermediate appellate court, subject to re-

view by the supreme court by transfer or certiorari.

The clerk of the appellate court is directed to docket this appeal with the intermediate appellate court *nunc pro tunc* to October 10, 2006.

---

6. HRS § 174C–60 (1993) is also inconsistent with HRS § 91–14(b) (Supp.2005), which, as amended by Act 202, provides that in agency cases, "proceedings for review shall be instituted in the circuit court ..., except where a statute

provides for a direct appeal to the intermediate appellate court, subject to chapter 602. In such cases, the appeal shall be treated in the same manner as an appeal from the circuit court to the intermediate appellate court[.]"